IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| | ) 2:23-cv-00339 |
| v. | ) ) |
| XFINITY, | ) ) ) |
| Defendants. | ) |

| | |
|---|---|
| PATRICIA A. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| | ) 2:23-cv-00340 |
| v. | ) ) |
| ST. MORITZ SECURITY SERVICES, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

These civil cases were filed back-to-back on the Court's docket and are the seventh and eighth civil actions filed by Patricia Scott in this Court since 2017. One of them is the third filed by her in the past six months against St. Moritz Security Services, Inc. *See Scott v. St. Moritz Security Services, Inc*. at 22-cv-1303 and 22-cv-1528. Like all those prior cases, Ms. Scott represents herself, and seeks approval for *in forma pauperis* ("IFP") filing and maintenance of these actions without the prepayment of filing fees and costs.

Because Ms. Scott is proceeding under IFP status, the Court is obligated to consider or "screen" her Complaint pursuant to 28 U.S.C. § 1915. Though the statute refers only to suits brought by prisoners, courts are required to apply § 1915(e)'s screening procedures to non-prisoner

IFP applications as well. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

Under § 1915(e)(2)(B)(ii), the Court must dismiss the case if it determines that the action fails to state a claim on which relief can be granted, and as in any case, must do so if the Court concludes that it does not have federal subject matter jurisdiction.

In each of these pending civil actions, Ms. Scott seeks to recover many millions of dollars in money damages ($5.5 million as to St. Moritz Security Services, Inc. and $7.7 million as to Xfinity) for what she says are/were violations of two federal criminal statutes, 18 U.S.C. § 371 (the general federal criminal conspiracy statute) and 18 U.S.C. § 1957 (the federal criminal money laundering statute). The submitted Complaints are long on quotations from each of those statutes, but short on any averments as to the basis for the civil claims noted. And the papers of record do not reveal a basis for the assertion of a private civil right of action for the personal recovery of money damages by Ms. Scott under either federal *criminal* statute.

In each of these cases, Ms. Scott avers that she resides in Pennsylvania, and she lists the address of each Defendant as also being in Pennsylvania. There is nothing in the papers of record that reveals any basis to conclude that either or both of St. Moritz Security Services and/or Xfinity are citizens of any state other than Pennsylvania, or of a foreign nation. And notwithstanding the expansive dollar amounts claimed as damages in each action, there does not appear to be a basis for this Court's assertion of federal diversity jurisdiction over either of these cases pursuant to 28 U.S.C. § 1332, if the Complaints would be construed as asserting claims for "conspiracy" as a civil tort under state law, rather than under the federal criminal statutes cited.

In exercising this Court's screening obligations as noted above, the Court concludes that there is nothing asserted in the papers filed by Ms. Scott that would support this Court's subject

matter jurisdiction. There are not claims asserted that "arise" under federal law which would support "federal question" jurisdiction under 28 U.S.C. § 1331, as the Court is not aware of any private right of action for civil money damages under the federal criminal statutes cited by Ms. Scott, *see Himchak v. Dye*, 684 Fed. App'x. 249, 253 (3d Cir. 2017); *Kitz v. Kitz*, No. 22-cv-0600, 2022 WL 523452, at *2 (E.D. Pa. Feb. 18, 2022); *Mazza v. Bank of New York Mellon*, No. 20-3253, at *7 (E.D. Pa. Feb. 16, 2021), nor is there any basis shown to construe her allegations more broadly, *Gitzis v. Nozhnik*, Nos. 19-cv-7273, 20-cv-175, 2020 WL 1989285, at *5 (E.D. N.Y. Apr. 27, 2020). And as noted above, the papers of record also do not support the invocation of this Court's diversity of citizenship jurisdiction.

Therefore, for the above-noted reasons, the Court will, and does, grant Ms. Scott's application for *in forma pauperis* status, and then dismisses each of these actions without prejudice for want of federal subject matter jurisdiction.

The Clerk will close each of these the cases on the Court's docket.

  s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: March 6, 2023
Cc: Ms. Patricia Scott (via First Class U.S. Mail, postage prepaid)